**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NORMAN EARLE and DEBORA EARLE,**

        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-17-Orl-31DAB**

**STATE FARM FLORIDA INSURANCE**
**COMPANY and STATE FARM FIRE AND**
**CASUALTY COMPANY,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERT DISCLOSURE (Doc. No. 40)**
>
> **FILED:** December 13, 2007
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant-insurers dispute Plaintiffs' claims for damages based on alleged breach of wind and flood insurance policies on property insured by them. Doc. No. 40. The Case Management and Scheduling Order (Doc. No. 27) set Plaintiffs' expert witness deadline as September 14, 2007. Plaintiffs failed to disclose any experts or expert reports by their deadlines; Defendants did timely serve their expert disclosures on November 9, 2007 (having obtained an extension). Plaintiffs did not disclose their experts (without an extension or leave of court) until November 27, 2007, which was

80 days after the due date. *See* Doc. No. 40-2. Plaintiffs disclosed four experts, only one of which had been previously identified as a fact witness. The other three experts appear to provide opinions regarding the scope of damage to Plaintiffs' rental property relative to the City of New Smyrna Beach's Flood Damage Prevention Code; Defendants did not identify any experts on this subject matter by their deadline. Defendants filed this Motion to Strike Plaintiffs' Expert Disclosures.

Rule 26(a) of the Federal Rules of Civil Procedure requires the parties to provide initial disclosures, and Rule 26(a)(2)(A)-(B) requires parties who retain expert witnesses to disclose these witnesses to opposing counsel with detailed reports, pursuant to the case management and scheduling order. Fed.R.Civ.P. 26(a). Federal Rule of Civil Procedure 26(a)(2)(C) also states that expert witness disclosures must be made "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(C).

Federal Rule 37(c)(1) states, in pertinent part:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(c)(1). "'Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is [a] genuine dispute concerning compliance.'" *Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc.*, Civ. No. 6:03cv1860-Orl-19KRS, 2005 WL 2465020, *2 (M.D.Fla Oct. 6, 2005) (excluding expert's report disclosed 77 days late) (quoting *Ellison v. Windt*, No. 6:99-cv-1268-Orl-KRS, 2001 WL 118617, at *2 (M.D. Fla. Jan. 24, 2001)). Failure to timely make

the required expert witness disclosures is harmless when the party entitled to the disclosure suffers no prejudice. *Id*. (citing *Ellison,* 2001 WL 118617).

In this case, Plaintiffs' Response to Defendants' Motion to Strike Plaintiffs' Expert Disclosures (Doc. No. 41) consists of exactly three one-sentence paragraphs. Plaintiffs' substantive argument consists of the single phrase: "[T]he facts of this case does [sic] not support its allegations." This statement is not an argument at all; the motion is unopposed by any realistic argument, citation to authority, or analysis. Doc. No. 41.

According to the copy of Plaintiffs' Expert Disclosures (Doc. No. 40-2) filed as an exhibit to the Motion, it appears that three of Plaintiffs' four experts' opinions go to the scope of damages to Plaintiffs' rental property and certain requirements to rebuild under the City of New Smyrna Beach's Codes, as well as the cost of rebuilding[1]. The opinions were not disclosed to opposing counsel until eighty days after the deadline provided in the CMSO, and they could be excluded from trial for lack of a substantial justification for the unjustified delay, on that basis alone. Fed.R.Civ.P. 37(c)(1). Moreover, due to their disclosure after Defendants' deadline, and the passage of the discovery deadline on December 31, 2007, Defendants would be greatly prejudiced if Plaintiffs' three flood damage experts are not stricken. The fourth expert, Realtor Patricia Sparks, was timely listed as a fact witness and will not be excluded from trial; however, any expert opinion from this witness will be excluded from trial.

**DONE** and **ORDERED** in Orlando, Florida on January 2, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] These opinions clearly go beyond the scope of rebuttal evidence, which would have allowed Plaintiffs 30 days following Defendants' disclosures under Rule 26(a)(2)(C)– even if Plaintiffs made that argument, which they did not.

-4-

Copies furnished to:

Counsel of Record